UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> DAVID DARDY | Criminal No. 20-10283-FDS |

MOTION TO RECONSIDER DETENTION ORDER, OR,
IN THE ALTERNATIVE FOR TEMPORARY RELEASE

Defendant David Dardy respectfully moves that this Court reconsider the detention order in this case, in light of the outbreak of COVID-19 at Plymouth County Correctional Facility. In the alternative, undersigned counsel seeks Mr. Dardy's temporary release under 18 U.S.C. § 3142(i).

As grounds for this motion, undersigned counsel states that this Court ordered Mr. Dardy detained on November 20, 2020, but left open the opportunity to revisit the issue if conditions at Plymouth changed. In Docket # 15, the Court wrote: "If defense can provide evidence of asthma and/or if there is any chance (sic) in circumstances at Plymouth Correctional, court would be willing to reconsider its ruling."

As of December 11, 2020, PCCF general counsel Patrick Lee reports that 45 Plymouth inmates and 30 staff members are infected with COVID.  Mr. Dardy has a history of asthma. Record from the Bureau of Prisons, attached hereto as Exhibit 1. Undersigned counsel has sought more recent records and will provide them upon receipt.

The Court based its detention order on danger to the community. It explicitly rejected risk

of flight and obstruction of justice as grounds for detention. DE 15. Undersigned counsel continues to maintain that the proffered conditions, including location monitoring at the home of Mr. Dardy's parents, are sufficient to "reasonably assure" the safety of the community. 18 U.S.C. § 3142(e).

Separate from that conclusion, defendant submits that the current outbreak of COVID at the Plymouth County jail provides "another compelling reason" for Mr. Dardy's temporary release. 18 U.S.C. § 3142(i). The percentage of positive test results in Massachusetts has increased steadily since Mr. Dardy's detention hearing. https://www.mass.gov/doc/covid-19-dashboard-december-7-2020/download. COVID may pose an increased risk of serious illness to infected persons suffering from asthma. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

The measures necessary to mitigate the spread of COVID-19 are unavailable to incarcerated people. The large, confined populations at jails make them no better than a cruise ship[1] or nursing home[2] – places where the virus has run rampant. Due to close quarters and common spaces, and minimal provisions for healthcare and hygiene, jails are tinderboxes in which the COVID-19 virus can spread like wildfire, jeopardizing the life and safety of inmates.[3]

---

[1] CDC, COVID-19 and Cruise Ship Travel (last accessed March 21, 2020), https://wwwnc.cdc.gov/travel/notices/warning/coronavirus-cruise-ship.

[2] Los Angeles Times, "Seattle-Area Nursing Home Deaths Jump to 13 with COVID-19 and 11 of Unknown Causes" (Mar. 7, 2020), https://www.latimes.com/world-nation/story/2020-03-07/nursing-home-coronavirus-deaths.

[3] Medical professionals behind bars are sounding the alarm. *See* Craig McCarthy, *Top Rikers Doctor: Coronavirus 'Storm is Coming,*' N.Y. Post (Mar. 19, 2020) ("[W]e cannot change the fundamental nature of jail. We cannot socially distance dozens of elderly men living in a

Mr. Dardy is presumed innocent of the charge against him. 18 U.S.C. § 3142(j) ("Nothing in this section shall be construed as modifying or limiting the presumption of innocence."),  Courts have long recognized that there is no greater necessity than keeping a defendant alive, no matter the charge. As one court wrote, "We do not punish those who have not been proven guilty. When we do punish, we do not act cruelly." *United States v. Scarpa*, 815 F.Supp. 88, 93 (E.D.N.Y. 1993) (pretrial defendant with AIDS facing murder charges released on bail because of the "unacceptably high risk of infection and death on a daily basis inside the MCC").

Undersigned counsel has conferred with government counsel, who opposes this motion.

For the reasons set forth above and at the detention hearing, this Court should order Mr. Dardy's release.

>
> DAVID DARDY
> By his attorney:
>
> */s/ Miriam Conrad*
>
> MIRIAM CONRAD
> BBO # 550223
> Federal Public Defender's Office
> 51 Sleeper Street, Fifth Floor
> Boston, MA 02210
> 617-223-8061
>
> **Temporary Address:**
> PO Box 51268
> Boston MA 02205

---

dorm, sharing a bathroom. Think of a cruise ship recklessly boarding more passengers each day. . . .Please let as many out as you possibly can."). *See also* Jennifer Grannerman, *A Rikers Island Doctor Speaks Out to Save Her Elderly Patients from the Coronavirus*, The New Yorker (Mar. 20, 2020).

<u>Certificate of Service</u>

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered Participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on December 11, 2020.

*/s/ Miriam Conrad*